**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

SAHDI CUNNINGHAM,
    Plaintiff,

    v.

JAMES DANIELS, et al.,
    Defendants.

Case No. 1:26-cv-268

Barrett, J.
Bowman, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff, a resident of Cincinnati, Ohio, filed a motion for leave to proceed *in forma pauperis* in connection with a civil rights complaint in this Court. (Doc. 1). On March 31, 2026, mail sent from the Court to Plaintiff's address of record was returned marked "RETURN TO SENDER VACANT UNABLE TO FORWARD." (Doc. 2). On April 16, 2026, the Court issued an Order for Plaintiff to show cause, in writing and within thirty (30) days, why this Court should not dismiss this case for lack of prosecution. (Doc. 3).

To date, more than thirty (30) days after the April 16, 2026 Order, Plaintiff has failed to respond to the Order of the Court.

A *pro se* litigant has an affirmative duty to diligently pursue the prosecution of his cause of action, *see Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991), as well as a duty to supply the Court with notice of any and all changes in his address. *See Barber v. Runyon,* No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) (citing *Pena v. Seguros La Commercial, S.A.,* 770 F.2d 811, 815 (9th Cir. 1985)).

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). Failure of a

party to inform the Court of a change in address or to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** without prejudice for lack of prosecution.

**IT IS SO RECOMMENDED.**

       *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Chief Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

SAHDI CUNNINGHAM,                                  Case No. 1:26-cv-268
    Plaintiff,

                                                   Barrett, J.
    v.                                             Bowman, M.J.

JAMES DANIELS, et al.,
    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.    This period may be extended further by the Court on timely motion for an extension.   Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.   If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.   A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

3