**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

Sahdi Cunningham,

    Plaintiff,

          v.

James Daniels, *et al.*,

    Defendants.

Case No. 1:26cv268

Judge Michael R. Barrett

## <u>ORDER</u>

This matter is before the Court on the Report and Recommendation ("R&R") filed by the Magistrate Judge on May 21, 2026.  (Doc. 4).  Proper notice was given to Plaintiff (who proceeds *pro se*) under 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. P. 72(b), including notice that he may forfeit rights on appeal if he failed to file objections to the R&R in a timely manner.  *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *see Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  No objections to the R&R (Doc. 4) have been filed.

As background, Plaintiff filed a motion for leave to proceed *in forma pauperis* in connection with a civil rights complaint in this Court.  (Doc. 1).  On March 31, 2026, mail sent from the Court to Plaintiff's address of record was returned marked "RETURN TO SENDER VACANT UNABLE TO FORWARD."  (Doc. 2).  Noting that "[i]t appears that Plaintiff has failed to keep the Court apprised of his current address," the Magistrate Judge ordered Plaintiff to show cause "stating why this Court should not dismiss this case for lack of prosecution."  (Doc. 3 PAGEID 28).[1]  After his 30-day deadline to respond had

---

[1] A *pro se* litigant has an affirmative duty to diligently pursue the prosecution of his cause of action, *see Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991), as well as a duty to supply the Court with notice of

passed, the Magistrate Judge issued the aforementioned R&R in which she recommends that this matter be dismissed without prejudice for lack of prosecution.  (Doc. 4 PAGEID 29–30).

As the Magistrate Judge explained, "[d]istrict courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962).  Failure of a party to inform the Court of a change in address or to respond to an order of the Court warrants invocation of the Court's inherent power. (Doc. 4 PAGEID 29–30 (citing Fed. R. Civ. P. 41(b)).  The undersigned agrees, noting further that the R&R sent from the Court (on May 21, 2026) was returned (on June 4, 2026) marked "Return to Sender He do not live Here Anymore Never Did!" (Doc. 5).[2]

The R&R (Doc. 4) of the Magistrate Judge is hereby **ACCEPTED** and **ADOPTED.** Consistent with the recommendation by the Magistrate Judge, this civil action is **DISMISSED** without prejudice for lack of prosecution.

**IT IS SO ORDERED.**

/s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court

---

any and all changes in his address. *See Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) (citing *Pena v. Seguros La Commercial, S.A.*, 770 F.2d 811, 815 (9th Cir. 1985)).

[2] The retuned envelope also bears a USPS sticker listing a new address for Plaintiff.  However, the Court is under no obligation (and will thus decline) to resend either the show cause order or the R&R.